## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTIAN BRIAN BLAYDON,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:23cv00340** |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| **SOUTHWESTERN VIRGINIA** | ) | **By:  Robert S. Ballou** |
| **REGIONAL JAIL—Duffield,** | ) | **United States District Judge** |
| **Defendant.** | ) | |

Plaintiff Christian Brian Blaydon, a Virginia inmate proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  His complaint names only a single defendant, Southwestern Virginia Regional Jail, and raises three unrelated claims: (1) Cruel and unusual punishment because he has been housed in the SHU for over 30 days under unsanitary conditions; (2) P.T.S.D. from fear of physical abuse; and (3) discrimination because his "no meat" meal trays do not contain sufficient food.  Upon review of the complaint pursuant to 28 U.S.C. § 1915A(a), the complaint will be dismissed without prejudice because the jail is not a proper party and because his claims appear to be misjoined.

Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another.  42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017).  Liability under § 1983 is "personal, based upon each defendant's own constitutional violations."  *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted).  A proper claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights.  *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).  A jail is not a proper defendant to a § 1983 suit.  *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992).

While unrelated claims against a single defendant are permitted (*see* FED. R. CIV. P. 18(a)), unrelated claims may not be filed against multiple defendants unless the claims against all defendants arose out of the same incident or involve a common factual or legal question. *See* FED R. CIV. P. 20; *Green v. Denning*, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). The Prison Litigation Reform Act (PLRA) imposes restrictions on prisoner-filed civil actions, including fee requirements, summary disposition of frivolous claims, and a "three strike" provision, which prevents a prisoner from proceeding without full prepayment of the filing fee if he has had three or more cases dismissed as frivolous, malicious, or stating no claim for which relief may be granted. Requiring compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green*, 2009 WL 484457, at *2.

The court recognizes that plaintiff, as a *pro se* litigant, may have been unaware of the proper parties to name in a § 1983 suit and may not have realized that separate suits would be required if different defendants violated different rights. Accordingly, this suit will be dismissed without prejudice to his ability to file a proper suit or suits against the proper individuals.

For the reasons stated, the complaint is **DISMISSED without prejudice**, and this matter is **STRICKEN** from the docket of this court.

The Clerk is directed to send a copy of this opinion and order to Mr. Blaydon.

Enter:  January 5, 2024

*/s/ Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge